UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KENNY D. GILCHREASE, SR., et al. | CIVIL ACTION |
| VERSUS | NO: 2:24-1868 |
| D.R. HORTON, INC. – GULF COAST | SECTION: T (2) |

## ORDER AND REASONS

Before the Court are Plaintiffs', Kenny D. Gilchrease, Sr. and Geniecesa Gilchrease ("the Gilchreases" or "Plaintiffs"), Motion for a Temporary Restraining Order and Defendant's, D.R. Horton, Inc. – Gulf Coast ("D.R. Horton" or "Defendant"), Motion to Dismiss for Failure to State a Claim, R. Docs. 5, 15. For the following reasons, Defendant's motion to dismiss is **GRANTED**, Plaintiffs' motion for a temporary restraining order is **DENIED**, and their claims are **DISMISSED WITH PREJUDICE**.

## BACKGROUND

The Gilchreases live in a subdivision ("the Subdivision") owned by Lakeshore Village Property Owners Association, Inc. ("Lakeshore"). They complain that their annual homeowner's association dues increased to $700. Angered, Mr. Gilchrease filed a *pro se* action against Lakeshore and D.R. Horton, the Subdivision's developer, alleging violations of three federal criminal statutes, the Fourteenth Amendment, the Universal Declaration of Human Rights, the Louisiana Uniform Deceptive Trade Practices Act, and the Fair Debt Collection Practices Act. *Kenny D. Gilchrease, Sr. v. D.R. Horton, Inc. – Gulf Coast, et al.*, No. 24-358, R. Doc. 5 ("*Gilchrease I*"). A different section of this court dismissed *Gilchrease I* for lack of subject matter

1

jurisdiction because (1) the complaint did not raise a federal question and (2) the parties were not completely diverse—Lakeshore and Mr. Gilchrease are Louisiana citizens. *Id.* at R. Doc. 18.

The Gilchreases filed this new *pro se* action against D.R. Horton—dropping Lakeshore, the non-diverse party—again taking issue with the 2024 annual assessment of $700. 24-1868, R. Doc. 1. They allege that D.R. Horton fraudulently misrepresented the Subdivision as a "homeowners association" ("HOA") rather than a "property owners association" ("POA") at the time of purchase. *See generally id.* The Gilchreases allege that they paid annually increasing HOA bills, including a 2023 assessment fee of $600, throughout their residency. They now object to the 2024 $700 annual assessment because it is no longer marked as a "HOA assessment fee." *Id.* at p. 8. After inquiring about the 2024 fee, the Gilchreases claim that they were first informed that the Subdivision was always a POA, not a HOA, and that the previous bills essentially served as POA fees. *Id.* The Gilchreases did not pay the 2024 assessment but instead are suing D.R. Horton over these alleged illegal fees. *Id.* The Gilchreases seek over $10,000,000.00 in damages and bring the following claims: (1) breach of contract; (2) fraud; (3) violation of the Louisiana Unfair Trade Practices and Consumer Protection Act ("LUTPA"); and (4) negligent and intentional infliction of emotional distress. *Id.* at p. 9-12.

D.R. Horton moves to dismiss all claims. R. Doc. 5. It argues there is no legal distinction between a "homeowners association" and a "property owners association" under Louisiana law. *Id.* at pp. 5-6. Regardless, D.R. Horton contends the Gilchreases' claims are all implausible. *Id.* at pp. 6-11. As to each claim, D.R. Horton argues: (1) the alleged contract, the purchase disclosure document, is a simple notice and imposes no contractual obligations; (2) there is no fraud because

2

Plaintiffs do not allege a misrepresentation of a material fact; (3) the LUTPA claim is wholly conclusory; and (4) the Gilchreases cannot assert any emotional distress claims on a mere $100 increase in an association fee. *Id.*

In opposition, the Gilchreases repeat their claims that D.R. Horton fraudulently misrepresented the Subdivision as a HOA community and therefore claim they do not have to pay a POA fee. R. Doc. 7 at 3-4. They allege Louisiana law required D.R. Horton to disclose the POA at the time they purchased their home in the Subdivision. *Id.* at 4. Because the Gilchreases have not paid the $700 fee, a lien was placed on the home. *Id.* at 3. Now intending to sell their residence, the Gilchreases filed a motion for a temporary restraining order asking the Court to enjoin D.R. Horton or any of its associates from taking actions to prevent the sale or placing a lien on their property. R. Doc. 15.

## **LAW & ANALYSIS**

Rule 12(b)(6) allows a defendant to seek dismissal of a complaint based on the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Under Rule 8(a), a "short and plain statement of the claim" is required. *Id.* When evaluating a 12(b)(6) motion, the Court must "take the well-pled factual allegations of the

complaint as true and view them in the light most favorable to the plaintiff." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). However, a court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). *Pro se* pleadings are afforded a more liberal construction. *Clark v. Nicholls State Univ.*, No. CV 19-6054, 2020 WL 360511, at *2 (E.D. La. Jan. 22, 2020). Nevertheless, a *pro se* litigant's complaint must satisfy the plausibility standard. *Id*. (citations omitted). A court can consider documents outside of the complaint for a motion to dismiss when they are: (1) attached to the motion to dismiss; (2) referenced in the complaint; and (3) central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205.

     A temporary restraining order is an extraordinary form of relief and requires the plaintiff to carry "an onerous burden." *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). It is well-settled that to obtain a temporary restraining order, the movant must demonstrate all four of the following elements: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest. *Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008). A temporary restraining order is not warranted when the movant fails to demonstrate a substantial likelihood of prevailing on the merits. *See, e.g.*, *Monumental Task Comm., Inc. v. Foxx*, 157 F. Supp. 3d 573, 591 (E.D. La. 2016), *aff'd sub nom*. *Monumental Task Comm., Inc. v. Chao*, 678 F. App'x 250 (5th Cir. 2017). "Ultimately, temporary restraining orders are extraordinary relief

4

and are rarely issued." *Sanders v. Nat'l Missionary Baptist Convention of Am.*, 2012 WL 12874264, at *1 (E.D. La. Oct. 3, 2012) (cleaned up). The decision to grant or deny a temporary restraining order, like that of a preliminary injunction, is within the sound discretion of the district court. *See Miss. Power & Light Co. v. United Gas Pipeline Co.*, 760 F.2d 618, 621 (5th Cir. 1985). The party requesting a temporary restraining order must clear the high hurdle of showing that it meets the requirements of Rule 65(b) and the four-element standard. *Cajun Services Unlimited, LLC v. Benton Energy Service Company*, 2020 WL 10486334 (E.D. La. Oct. 16, 2020).

After reviewing the briefs, exhibits, and the applicable law, the Court finds that the Gilchreases' claims are all subject to dismissal with prejudice and therefore do not warrant a temporary restraining order.

First, the breach of contract claim is subject to dismissal because the initial property disclosure document is not a contract. The Louisiana Residential Property Disclosure Act requires sellers of residential real property to provide buyers with a property disclosure document. La. R.S. § 9:3198. Included in this document must be a "notification to the purchaser as to whether he is obligated to be a member of a homeowners' association as a homeowner in the community in which he is purchasing property." La. R.S. § 9:3198(A)(2)(a). But the "property disclosure document is for disclosure purposes only and is **not intended to be part of any contract** between the purchaser and the seller." La. R.S. § 9:3198(D)(1) (emphasis added). The Gilchreases breach of contract claim wholly relies on the disclosure document. R. Doc. 1 at pp. 9-10. Without a breach of a valid contractual provision, there is no breach of contract claim here. *See, e.g., Novak v. St. Maxent-Wimberly House Condo., Inc.*, No. CV 16-6835, 2020 WL 5889338, at *6 (E.D. La. Oct.

5

5, 2020), *aff'd sub nom*. *Novak v. Tilbury*, No. 20-30700, 2021 WL 2494827 (5th Cir. June 17, 2021) (citing La. R.S. § 9:3198(D)(1) and finding no obligations flow from the disclosure document because "a property disclosure document is not a warranty and is not part of any contract between the buyer and seller.").

Regardless, D.R. Horton complied with the disclosure requirement because the Gilchreases were advised they could incur fees as part of a POA. The disclosure document clearly states, "Buyer acknowledges notification that ownership of the Property involves membership in a Homeowner's or **Property Owners Association** to which annual dues assessments will be owed and may be enforceable by a lien against the property." R. Doc. 5-2 at p. 2; R. Doc. 7 at p. 5 (emphasis added). Accordingly, the Gilchreases cannot claim D.R. Horton failed to comply with the disclosure obligation.

Second, the Gilchreases' fraud claim also fails. "A seller shall not be liable for any error, inaccuracy, or omission of information required in the property disclosure document, if the error, inaccuracy, or omission was not a willful misrepresentation according to the best of the seller's information, knowledge, and belief." La. R.S. § 9:3198(E)(1). A willful, or intentional, misrepresentation requires "(1) a misrepresentation of a material fact; (2) made with the intent to deceive; and (3) causing justifiable reliance with resultant injury." *Smith v. Grantham*, 2023-0881 (La. App. 1 Cir. 20224), 394 So. 3d 316, 325 (citing *Murray v. Bostwick*, 52,802 (La. App. 2 Cir. 2019), 276 So.3d 1120, 1125).

However, as noted above, there is no misrepresentation because D.R. Horton properly disclosed the POA. R. Doc. 5-2 at p. 2; R. Doc. 7 at p. 5. Nonetheless, any misrepresentation is

6

not material because the Gilchreases fail to identify *any* material differences between a POA and HOA. *See* R. Doc. 7 at p. 4 (the Gilchreases at best claim they would not have purchased their residence if they knew it was part of a POA because they do not understand what a POA is). Indeed, the Louisiana Residential Disclosure Act defines "'homeowners' association' or 'association' [to] mean[] a nonprofit corporation, unincorporated association, or *other legal entity* which is created pursuant to a declaration whose members *consist primarily of lot owners*." La. R.S. § 9:3198(A)(4) (emphasis added). The act makes no distinction between a POA and HOA. The Gilchreases also concede that the 2024 $700 assessment, only $100 more than last year, serves the same purpose as the previous "HOA assessments." *See* R. Doc. 7 at p. 3. Barring a $100 increase from last years' assessment, the complaint does not point to any tangible change between the assessments and lacks a material misrepresentation.

The LUTPA claim is also unsupportable. The Gilchreases allege only that "[b]y defrauding the plaintiff, the defendant violated the Louisiana Unfair Trade Practices and Consumer Protection Law (R.S. 51:1401-1428)." R. Doc. 1 at p. 10. Typically, this one-sentence "naked-assertion" lacks factual support to raise a plausible claim. *See, e.g.*, *Twombly*, 550 U.S. at 557 (2007). However, *pro se* filings are liberally construed, and the LUTPA allegation in the complaint is within the "Fraud" section. *See* R. Doc. 1 at p. 10; *Windland v. Quarterman*, 578 F.3d 314, 316 (5th Cir. 2009). Therefore, the Court considers the LUTPA claim to incorporate the Gilchreases' fraud claim.

Nevertheless, LUTPA only prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." La. R.S. § 51:1405(A).

7

"[T]he practice [must] offend[] established public policy and [be] immoral, unethical, oppressive or unscrupulous." La. R.S. § 51:1409(A) (internal quotations omitted); *see also Monroe v. McDaniel*, 207 So. 3d 1172, 1180 (La. App. 5th Cir. 2016). The Louisiana Supreme Court has advised that the "range of prohibited practices under LUTPA is extremely narrow and includes only egregious actions involving elements of fraud, misrepresentation, deception, or other unethical conduct." *Cheramie Servs., Inc. v. Shell Deepwater Prod., Inc.*, 2009-1633 (La. 2010), 35 So. 3d 1053, 1059. Again, the Gilchreases' allegations do not plead a misrepresentation or deceptive practice because D.R. Horton disclosed the existence of the POA. R. Doc. 5-2 at p. 2; R. Doc. 7 at p. 5. A $100 yearly increase in the assessment, consistent with previous increases, also falls well short of an egregious public policy violation.

Lastly, the Gilchreases have no intentional or negligent infliction of emotional distress claim for an increase in their HOA/POA assessment. Negligent infliction of emotional distress requires allegations of "genuine and serious emotional distress" and a cognizable breach of a duty. *Spencer v. Valero Ref. Meraux, L.L.C.*, 2022-00469 (La. 2023), 356 So. 3d 936, 949 (internal citation omitted). A plaintiff must plausibly allege "the especial likelihood of genuine and serious mental distress, arising from the special circumstances, which serves as a guarantee that the claim is not spurious." *Id*. at 950. Intentional infliction of emotional distress requires allegations of "extreme and outrageous conduct." *White v. Monsanto Co*., 585 So.2d 1205, 1209 (La. 1991). "The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Id*.

The Gilchreases claim generic emotional distress from D.R. Horton's alleged: (1) failure to identify the community as a POA and (2) acts to foreclose on their residence because the 2024 POA fee went unpaid. R. Doc. 1 at pp. 11-12. Neither allegation invokes "genuine and serious emotional distress" or "outrageous conduct." First, there is no "genuine and serious emotional distress" from the alleged failure to identify the community because that allegation is not colorable—D.R. Horton properly disclosed the existence of a POA. R. Doc. 5-2 at p. 2; R. Doc. 7 at p. 5. Threatening foreclosure is also not "outrageous conduct" in this case. Louisiana law provides Lakeshore and D.R. Horton with the right to impose a lien on unpaid dues. La. R.S. §§ 9:1141.9; 9:1145(C). The property disclosure document confirms D.R. Horton's rights under law as "[the Gilchreases] acknowledge[d] notification that ownership of the Property involves membership in a Homeowner's or ***Property Owner's Association*** to which monthly or annual dues assessments will be owed that may be ***enforceable by a lien*** against the property." R. Doc. 5-2 at p. 2; R. Doc. 7 at p. 5 (emphasis added). There is no intentional infliction of emotional distress when a defendant does nothing more than insist upon his legal rights in a permissible way. *Henderson v. Bailey Bark Materials*, 47,946 (La. App. 2 Cir. 2013), 116 So. 3d 30, 39 (citing *White*, 585 So.2d at 1209).

Accordingly,

**IT IS ORDERED** that Defendant D.R. Horton's motion to dismiss, R. Doc. 5, is **GRANTED**. Plaintiffs' claims are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for a temporary restraining order, R. Doc. 15, is **DENIED**. The Court will enter judgment in favor of Defendant.

New Orleans, Louisiana, this 25th day of April 2025.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE